JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHAEL DENIGHT

**(b)** County of Residence of First Listed Plaintiff  Gloucester, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel T Silverman, Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mount Laurel, NJ 08054, 856-727-9700

## DEFENDANTS
MILLER'S SMORGASBORD

County of Residence of First Listed Defendant  LANCASTER, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |   |   | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |   | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |   | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |   | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability |  ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |   | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |   | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☒ 446 Amer w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |   | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |   |  |
|  |  / ☐ 555 Prison Condition |   |   |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |   |   |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 USC 12101, ET SEQ.
Brief description of cause
DISABILITY DISCRIMINATION IN PUBLIC ACCOMMODATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
**DEMAND $**
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE  12/4/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

DEC 16 2019

JDW

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19   6001

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _49 Orion Way, Sewell, NJ 08080_

Address of Defendant: _2811 Lincoln Highway East, Ronks, PA 17572_

Place of Accident, Incident or Transaction: _2811 Lincoln Highway East, Ronks, PA 17572_

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _N/A_   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/18/2019      _Must sign here_      208348
    *Attorney-at-Law / Pro Se Plaintiff*      *Attorney ID # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
☑ 7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Daniel T. Silverman_, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 12/18/2019    _Sign here if applicable_    208348
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney ID # (if applicable)*

DEC 16 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

JDW

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

MICHAEL DENIGHT : CIVIL ACTION
v. : AIR
MILLER'S SMORGASBORD : 19 6001
NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

12/4/19                     _____          Plaintiff DeNight
**Date**                    **Attorney-at-law**        **Attorney for**

856-727-9700               856-727-9797               dsilverman@costellomains.com
**Telephone**              **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

DEC 16 2019

$400

JDW

**COSTELLO & MAINS, LLC**
By: Daniel T. Silverman, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISCTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DENIGHT | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | 19   6001 |
| MILLER'S SMORGASBORD; AND JOHN DOES 1-5 AND 6-10 | : | DOCKET NO: |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Michael DeNight, residing the State of New Jersey, by way of Complaint against the defendants, says:

### Preliminary Statement

1. This matter is opened to the court pursuant to the Americans With Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") alleging discrimination in public accommodation.

### Jurisdiction and Venue

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. Sec. 1331 and Sec. 343 (a)(3) and the aforementioned statutory provisions.

3. Jurisdiction lies over the State law claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. Sec.1367.

4. All claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve a defendant who resides within the jurisdictional limits.

5. Venue has accordingly been invoked pursuant to the dictates of 28 U.S.C. Sec.1391 (b)(c).

6. Plaintiff exhausted his administrative remedies pursuant to the ADA and PHR claims in that he filed a claim with the Equal Employment Opportunity Commission ("EEOC") which was cross filed with the Pennsylvania Human Relations Commission ("PHRC").

7. On October 22, 2019, plaintiff was issued a Right to Sue Letter.

### Identification of Parties

8. Plaintiff Michael DeNight is a resident of the State of New Jersey.

9. Defendant Miller's Smorgasbord operates a restaurant open to the public at 2811 Lincoln Highway East, Ronks, Pennsylvania.

10. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

### General Allegations

11. Plaintiff is a disabled veteran who has been diagnosed with post-traumatic stress disorder ("PTSD").

12. Plaintiff is disabled within the meaning of the that term under the ADA and the PHRA.

13. In connection with his PTSD, plaintiff utilizes a trained service dog.

14. On or about June 26, 2019, plaintiff and his family attempted to visit defendant's restaurant.

15. Defendant operates a place of public accommodation.

16. On that date, plaintiff was accompanied by his service dog.

17. Upon arrival, defendant's hostess immediately stated that the restaurant did not allow "support" animals in the building.

18. Plaintiff explained that his dog was not a support animal, but rather a service animal meant to aid with his disability.

19. The hostess left and then returned with defendant's manager, Jonathan Smith.

20. Plaintiff specifically explained to Mr. Smith the difference between a service dog and a support dog.

21. Plaintiff offered to display evidence of the dog's training and registration, but Mr. Smith refused.

22. Instead, Mr. Smith insisted on plaintiff stating his exact medical condition.

23. Plaintiff explained that he was a disabled veteran and that the dog aided with his condition.

24. Plaintiff further stated that he found Mr. Smith's questions invasive of his medical privacy.

25. Mr. Smith responded that it was "company policy" to not let the dog enter and unless plaintiff would disclose his exact medical condition, he would be denied entry.

26. Mr. Smith further stated that if plaintiff did not leave, the defendant would call the police.

3

27. Plaintiff again attempted to explain, by law, that he was permitted entry with his dog and further stated that Mr. Smith's actions were embarrassing him in front of his young children.

28. Plaintiff again offered to show the dogs registration card, but Mr. Smith refused to review the same.

29. Another manager, Chase Keidal came forward, but he also refused to review the dog's registration card.

30. Shortly thereafter, two police officers arrived and based upon request from the defendant, removed plaintiff from the restaurant.

31. Once outside, the officer stated to plaintiff that he was within his rights to have this service dog at the restaurant, but that there was nothing further they could do at the time.

32. Defendant denied plaintiff the privileges of a public accommodation because of disability.

33. Defendant denied plaintiff entry to a place of public accommodation and denied him full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of that public accommodation.

34. Defendant denied plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations of a place public accommodation.

35. Defendant failed to make reasonable modifications in its policies, practices and procedures, when such modification was necessary to afford defendant's goods, services, facilities, privileges, advantages, and accommodations to an individual with a disability.

36. Defendant failed or refused to modify policies, practices and procedures to permit the use of a service animal by an individual with a disability.

37. As a result of defendant's conduct, plaintiff has experienced humiliation, mental anguish, and upset.

38. The discrimination in this matter is so egregious as to warrant the imposition of punitive damages against the defendant.

## COUNT I

### Disability Discrimination Under the ADA

39. Plaintiff hereby repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant subjected plaintiff to disability discrimination for which it is liable under the ADA.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly, severally and in the alternative, together with: respectfully requests that this Court enter a judgment;

(a) compensatory damages

(b) non-economic compensatory damages, including emotional pain and suffering,

(c) interest

(d) cost of suit

(e) attorney's fees

(f) enhanced attorney's fees

(g) an equitable order requiring defendant to adopt and implement a policy of non-discrimination against persons with disabilities, including persons who use service animals,

and to make reasonable accommodation to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages and accommodations are afforded to individuals with disabilities.

   (e) an equitable order requiring defendant to design and implement appropriate staff training programs to ensure that all personal affiliated with defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities.

   (f) such other orders as the court deems equitable and just.

## COUNT II

### Disability Discrimination Under the PHRA

  41. Plaintiff hereby repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

  42. Defendant subjected plaintiff to disability discrimination for which it is liable to plaintiff under the PHRA.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly, severally and in the alternative, together with: respectfully requests that this Court enter a judgment;

   (a) compensatory damages

   (b) non-economic compensatory damages, including emotional pain and suffering,

   (c) punitive damages

   (d) interest

   (e) cost of suit

  (f) attorney's fees

  (g) enhanced attorney's fees

  (h) an equitable order requiring defendant to adopt and implement a policy of non-discrimination against persons with disabilities, including persons who use service animals, and to make reasonable accommodation to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages and accommodations are afforded to individuals with disabilities.

  (i) an equitable order requiring defendant to design and implement appropriate staff training programs to ensure that all personal affiliated with defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities.

  (j) such other orders as the court deems equitable and just.

      Respectfully submitted,

      **COSTELLO & MAINS, LLC**

      By: _____
      Daniel T. Silverman
      18000 Horizon Way, Suite 800
      Mt. Laurel, New Jersey 08054
      856-727-9700
      dmains@costellomains.com
      Attorney for Plaintiff

Dated: December 4, 2019

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his undersigned counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

COSTELLO & MAINS, LLC

By: _____
Daniel T. Silverman

## DESIGNATION OF TRIAL COUNSEL

Daniel T. Silverman, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

COSTELLO & MAINS, LLC

By: _____
Daniel T. Silverman

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

8

2.    Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: _____
Daniel T. Silverman